UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,**<br><br>Plaintiffs,<br><br>v.<br><br>**THE ESTATE OF WALTER MATESIC, and ANN MATESIC,**<br><br>Defendant. | Civ. No. 2:16-00643 (WJM)<br><br>**OPINION & ORDER** |

**WILLIAM J. MARTINI, U.S.D.J.:**

   Guardian Life Insurance Company of America ("Guardian") has filed suit against Ann Matesic ("Matesic") and the Estate of Walter Matesic (the "Estate") seeking to have three life insurance policies declared null and void and rescinded, *ab initio*. This matter comes before the Court on Guardian's motion for an order permitting substituted service upon Matesic and the Estate. Guardian also seeks an award of reasonable attorneys' fees and costs it will incur in connection with affecting substituted service. For the reasons that follow, Guardian's motion will be **GRANTED**.

   **I.   BACKGROUND**

   Guardian initiated this action by filing its complaint on February 5, 2016. *See* ECF No. 1. To this date, however, Guardian has been unable to serve its complaint on either Defendant. Below is a description of Guardian's attempts at service.

   Shortly after commencing its action, Guardian engaged Guaranteed Subpoena Service, Inc. ("Guaranteed Subpoena") to affect personal service upon Defendants. Del Mauro Cert. at ¶4. On February 11, 2016, Guaranteed Subpoena informed Guardian that it could not affect personal service upon Defendants at their last known address. *Id*. at ¶ 5. Specifically, the address that Guardian had on file for Defendants – 55 Ferndale Road, Paramus New Jersey 07652 – was vacant and undergoing construction. *Id*. at ¶ 5. On February 16, 2016, counsel for Guardian mailed the summons and complaint with a waiver of service to Defendants pursuant to Fed. R. Civ. P. 4(d). *Id* at ¶ 6. However, the waiver of service was never returned to Guardian. *Id.*

Next, Guardian wrote to the postmaster to determine whether either Defendant had a different mailing address on file. *Id* at ¶ 7. On March 14, 2017, the postmaster informed Guardian that the 55 Ferndale Road address was "good" and there was no change of address on file. *Id* at ¶ 8.

Guardian then engaged Spartan Detective Agency, Inc. ("Spartan") to run a "skip search" to determine whether there was a different address for Matesic. *Id*. at ¶ 9. Spartan's search came back with the address of 760 Galda Road, Paramas New Jersey 07652. *Id*. However, upon attempting to serve Matesic at 760 Galda Road, Guaranteed Subpoena discovered that the address actually belonged to Matesic's niece, who informed Guaranteed Subpoena that Matesic does not and has not ever lived at that address. *See id*. at ¶ 10. On March 5, 2016, Guaranteed Subpoena relayed this information to Guardian, explaining that the "skip search" results were incorrect. *Id.*

On March 17, 2016 Guardian again requested that Guaranteed Subpoena attempt process upon Defendants at the 55 Ferndale Road address. *Id* at ¶ 11. The same day, Guaranteed Subpoena alerted Guardian that personal service could not be affected because the residence was vacant and undergoing construction. *Id.*

After numerous failed attempts at service, Guardian telephoned Matesic and left a message with a woman who identified herself as only a "friend." *Id* at ¶ 12. However, Matesic never returned Guardian's call. *Id.* On April 20, 2016, Guardian wrote Matesic informing her that if she did not execute the waiver of summons form, Guardian would be seeking the appropriate relief. *Id* at ¶ 13. To this date, Matesic has not executed the waiver of summons form. *See id*. at ¶ 18.

Guardian now requests that the Court enter an order approving substituted service upon Defendants, specifically by way of regular and certified mail. In the event Matesic fails to sign for the certified mail on behalf of herself or the Estate, Guardian requests that service be deemed effective by regular mail alone. Finally, Guardian requests that it be awarded reasonable attorneys' fees and costs.

## II. ANALYSIS

Federal Rule of Civil Procedure 4 governs the process for serving a defendant with a summons and complaint. Because Defendants are persons located within a judicial district of the United States, service in this case is governed by Federal Rule of Civil Procedure 4(e). Under that Rule, Guardian may serve Defendants by following the New Jersey laws that govern the service of a summons and complaint in state court actions. *See* Fed. R. Civ. P. 4(e)(1).[1] In New Jersey, the preferred method is personal service. *See* Rule 4:4-3(a).

---

[1] Guardian may also comply with Rule 4(e) by (1) delivering a copies of the summons and complaint to Defendants personally; (2) leaving copies at each Defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering copies to an agent authorized to receive process on Defendants' behalf.

However, New Jersey permits "substituted service," which includes service by certified mail, return receipt request or service as permitted by court order. *See* Rule 4:4(b)(1)&(3). Substituted service will be permitted only where it appears "by affidavit satisfying the requirements of [Rule] 4:4-5(c)(2) that despite diligent effort and inquiry, personal service [within New Jersey] cannot be made in accordance with [Rule 4:4-4(a)]." *See* Rule 4:4(b)(1). "There is no objective formulaic standard for determining what is, or is not, due diligence. Instead, due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Modan v. Modan*, 327 N.J. Super. 44, 48-49, 742 A.2d 611 (App. Div. 2000). "In short, a plaintiff must demonstrate a good faith effort to search and find a defendant whose address is unknown, or who is allegedly evading service, before resorting to alternate means of substitute service." *J.C. v. M.C.*, 438 N.J.Super. 325, 331 (Ch. Div. 2013). Where the plaintiff has demonstrated reasonable diligence, a court may order an alternative means of service that is consistent with due process. *See* Rule 4:4-4(b)(3).

Applying that standard here, the Court finds that Guardian has demonstrated reasonable diligence in serving Defendants. Guardian has made multiple attempts to serve Matesic at her last known address. When those attempts were unsuccessful, Guardian tried on two separate occasions to ascertain whether Matesic had moved to a different residence. Moreover, Guardian telephoned Matesic's residence and left a message with an individual who identified herself as one of Matesic's friends. These efforts meet the diligence requirement set forth in Rule 4:4(b)(1). *See, e.g., Janowski v. Williams*, Civ. No. 12-3144, 2014 WL 1092611, *1 (D.N.J. Mar. 18, 2014) (substituted service appropriate where the plaintiff made several attempts to locate and serve the defendants). Moreover, Guardian's proposed method of service – regular mail in the event that certified mail is unsuccessful – comports with due process, and is therefore permissible. *See* Rule 4:4-4(b)(1)(C); *Citibank, N.A. v. Russo*, 334 N.J.Super. 346, 351 (App. Div. 2000). Guardian's request for an order permitting substituted service is therefore **GRANTED**.

Guardian also requests that it be awarded reasonable attorneys' fees and costs in affecting substituted service. Federal Rule of Civil Procedure 4 provides that an "individual, corporation or association that is subject to service under Rule 4(e)…has a duty to avoid unnecessary expenses of serving a summons." *See* Fed. R. Civ. P. 4(d)(1). Moreover, where a plaintiff submits a written waiver of service to a defendant, and the defendant, without good cause, refuses to sign the waiver, the court must require the defendant to compensate the plaintiff for the expenses later incurred in affecting service. *See* Fed. R. Civ. P. 4(d)(2)(A)-(B). In this case, Guardian has submitted a waiver of service to Defendants, but has yet to obtain a signature. Moreover, nothing on the record demonstrates that Defendants are justified in their refusal to sign the waiver. Finally, Guardian has complied with the procedural requirements of Rule 4(d)(1)(A). *See* Del Mauro Cert., Ex B. Therefore, Guardian's request for expenses and fees under Rule 4(d)(2)(A)-(B) is **GRANTED**. Once it successfully serves Defendants with a copy of the

summons and complaint, Guardian will be required provide the Court with an affidavit of expenses and fees.

### III. CONCLUSION

For the reasons set forth in this opinion; and for good cause appearing;

**IT IS** on this 14th day of July 2016, hereby

**ORDERED** that Guardian's motion is **GRANTED**; and it is further

**ORDERED** that once it successfully serves Defendants with a copy of the summons and complaint, Guardian will provide the Court with an affidavit of fees and expenses.

    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**